MAY 19, 1803.

# Samuel Plummer *et al. v.* Samuel Shannon.

*Upon an appeal from a judgment of the Court of Quarter Sessions of Clark county.*

County courts in Kentucky, since the separation, have no jurisdiction to allot dower.

The appellants claim title to the land in controversy, by virtue of an allotment of dower made under the authority of an order of the county court of Clark county, which allotment is in these words: "In obedience to an order from the worshipful court of Clark county, we, the subscribers, proceeded this 13th day of January, 1797, to allot to Nancy Plummer, late Nancy M'Crackin, and wife of William M'Crackin, deceased, her dower right in a settlement and pre-emption of one thousand four hundred acres, obtained in the said decedent's name, as above described. Given under our hands," &c. A plat is annexed and the boundaries described. They also produced patents to William M'Crackin for the said one thousand four hundred acres of land, of elder date than the plaintiffs', and offered these papers in evidence to support their title. The inferior court rejected this evidence, because the county court had no jurisdiction as to the allotment of dower in lands. The county courts in Virginia, and this country, previous to the sepa-

ration, had jurisdiction either at law or in chancery, as to dower, and a practice generally prevailed, to make an order of court without a suit, for the allotment of dower, in the way this has been done. This practice was less expensive, and produced less delay than a suit. And this court would strongly incline to confirm that practice, were the country courts in this state vested with the same jurisdiction which they exercised previous to the separation; but they are not. Therefore, it is considered by the court, that the judgment aforesaid be affirmed, that the appellee may proceed to have the benefit thereof in the court below, and recover of the appellants his costs in this behalf expended, which is ordered to be certified to the said court.